**MIAO HUANG, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

**No. 06–70892.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 22, 2007 *.

Filed Nov. 20, 2007.

Dorothy A. Harper, Esq., Law Office of Dorothy A. Harper, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jeffrey J. Bernstein, Esq., Michelle E. Gorden Latour, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Daniel J. Fortune, Esq., U.S. Department of Justice, Child Exploitation and Obscenity Section, Washington, DC, for Respondent.

Before: B. FLETCHER, WARDLAW and IKUTA, Circuit Judges.

### MEMORANDUM **

Miao Huang, a native and citizen of China, petitions for review of the Board of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

Immigration Appeals' ("BIA") order adopting and affirming the Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence adverse credibility findings. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). When the BIA adopts the IJ's credibility determination, we examine the IJ's reasons for deeming the person not credible. *Id.*

The adverse credibility determination is not supported by substantial evidence. The IJ failed to provide specific, cogent reasons for the determination. *See Gui v. INS,* 280 F.3d 1217, 1228 (9th Cir.2002). To the extent that the IJ identified inconsistencies, they were minor or did not go the heart of the claim. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004). Because the adverse credibility finding was not supported by substantial evidence, we remand to the BIA for further proceedings for a decision on the merits of Huang's asylum and withholding of removal claims. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED and REMANDED.**